UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALLISON GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 13-11821-FDS |
| DRAHANE JOSEPH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

Plaintiff Allison Graham, a resident of Everett, Massachusetts, initiated this action in 2013 against the Department of Children and Families ("DCF") Commissioner, a DCF supervisor and a DCF social worker concerning a 2011 child custody dispute.

At that time, Graham's application to proceed without prepaying fees or costs was allowed and she was advised that the case would be dismissed unless she demonstrated good cause why it should not be dismissed or filed an amended complaint that cured the pleading deficiencies in the original complaint. *See* Docket No. 4. The order explained that this Court does not review the decisions of the state courts because it is without jurisdiction to do so.

The order further explained that in order to assert a substantive due process claim against a state officer, such as defendant Joseph, "the plaintiff must show both that the acts were so egregious as to shock the conscience and that they deprived him of a protected interest in life, liberty, or property." *Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006) (citation omitted); *see also Martinez v. Cui*, 608 F.3d 54, 64 (1st Cir. 2010) ("[P]laintiffs must show, not only that the

official's actions shock the conscience, but also that the official violated a right otherwise protected by the substantive Due Process Clause.").

Graham responded to the Court's order by dropping the claims against the DCF Commissioner and the DCF supervisor and filed an amended complaint naming the DCF social worker as the sole defendant. *See* Docket No. 6. One year later, on June 9, 2015, the case was reassigned upon Judge Douglas P. Woodlock's taking of senior status. *See* Docket No. 8.

Upon review of Graham's amended complaint, it is clear that it contains deficiencies similar to those found in the original complaint. As previously stated, the right of parents in the care, custody, and control of their children is not absolute and must be balanced against the right of the state to investigate allegations that a child is in danger. Although Graham does not specify her exact claims against Joseph, she appears to allege that she failed to conduct a proper investigation. She alleges that Joseph abused her power as a DCF social worker by placing the child with the grandmother, despite Graham's many objections. Graham further complains that Joseph supported the father's efforts to obtain custody of the child. Graham alleges that during the investigation, Joseph assisted the father "based on the lies that [the grandmother and father] told [Joseph]." Am. Compl., p. 2.

This Court is without jurisdiction to review the social worker's investigation or the state court decisions. Moreover, Graham has not alleged any facts that would support a violation of her constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal citations, brackets, and quotation marks omitted). That is insufficient to state a constitutional claim that is plausible on its face against Joseph. *Id.*

ACCORDINGLY, and in accordance with this Court's Order dated May 6, 2014, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2), it is hereby ORDERED that the case be DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: September 18, 2015